# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| STEVEN J. MARANVILLE,<br><br>      **Plaintiff,**<br><br>v.<br><br>UTAH VALLEY UNIVERSITY; SCOTT HAMMOND, Ph.D.; IAN WILSON, Ph.D.; and JOHN AND JANE DOES 1-10,<br><br>      **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:11cv958**<br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Utah Valley University ("UVU"); Scott Hammond, Ph.D. ("Dr. Hammond"); and Ian Wilson, Ph.D.'s ("Dr. Wilson") (collectively, "Defendants") motion for a protective order.[2]  The court has carefully reviewed the motion and memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 19.

[2] *See* docket no. 15.

Defendants seek to prohibit counsel for Steven J. Maranville ("Plaintiff") from videotaping or otherwise recording the depositions of Dr. Hammond, Dr. Wilson, and Elizabeth Hitch ("Dr. Hitch"), former Vice President of Academic Affairs for UVU.  Defendants argue that rule 30 of the Federal Rules of Civil Procedure does not support Plaintiff's contention that his counsel may videotape all depositions in addition to having a certified shorthand reporter record the depositions.  In response, Plaintiff argues that rule 30 specifically provides for videotaped depositions and that there is nothing in the rule to suggest that counsel himself may not utilize this additional method.

Rule 30 provides, in relevant part, that "[t]he party who notices the deposition must state in the notice the method for recording the testimony.  Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means."  Fed. R. Civ. P. 30(b)(3)(A).  Rule 30 further states that "[w]ith prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice."  Fed. R. Civ. P. 30(b)(3)(B).  Plaintiff has met the requirements of these provisions.  In his notice of depositions, Plaintiff indicated that the depositions would be taken "before a shorthand reporter and notary public" in accordance with the Federal Rules of Civil Procedure and that they would "also be videotaped and/or audiotaped by Plaintiff['s] counsel, as allowed by Rule 30(b)(3)."[3]

Defendants argue that Plaintiff's counsel cannot videotape the depositions himself because he is not an "officer authorized to administer oaths" as required under rule 28.  Fed. R.

---

[3] Docket no. 16, Exhibit A, at 2.

Civ. P. 28(a)(1)(A) (providing that depositions must be taken before such an officer).  In support of their position, Defendants note that under rule 28(c), "[a] deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action."  Fed. R. Civ. P. 28(c). Defendants further rely upon rule 30(b)(5)(B), which states that "[i]f the deposition is recorded non-stenographically, the officer must repeat the items in Rule 30(b)(5)(A)(i)-(iii) [(the officer's name and place of business; the date, time, and place of the deposition; and the deponent's name)] at the beginning of each unit of the recording medium."  Fed. R. Civ. P. 30(b)(5)(A)(i)-(iii).  Thus, Defendants conclude, looking at the above-mentioned rules as a whole, if the depositions are to be non-stenographically recorded, they must be recorded by an "officer." Notwithstanding the fact that the depositions will be taken by other means before an "officer," Defendants argue that the depositions may not be recorded by anyone else.

The court is not persuaded by Defendants' position.  They have not alleged that videotaping the depositions would imposition or intimidate Defendants.  Defendants appear to be intelligent and sophisticated adults who likely will not be inhibited testifying while being recorded by videotape, as well as by stenography.  It appears that the only real reasons Defendants object to videotaping the depositions is because Plaintiff has requested it, or in the alternative, Defendants simply do not want themselves videotaped.  Neither reason is a sound basis for prohibiting Plaintiff's counsel from videotaping the depositions.

In a similar case, the United States District Court for the District of Montana allowed counsel to videotape a deposition where an authorized officer would also be stenographically recording the deposition.  *See Pioneer Drive, LLC v. Nissan Diesel America, Inc.*, 262 F.R.D.

552, 556 (D. Mont. 2009).  In that case, the court noted that the defendant's concerns over accuracy and objectivity were not warranted because the rules specifically provide safeguards to address those concerns.  *See id.*  Specifically, the court noted that rules 26 and 30 allow "[a] deposed party or counsel concerned about accuracy or image manipulation [to] seek a protective order, [to] choose an additional method to record the deposition, or [to] move after the fact to strike the recording."  *Id.* at 555-56 (citing Fed. R. Civ. P. 26(c), 30(b)(3)(B), and 30(b)(5)(B)).  The court also stated that the presence of the court reporter would provide "both an assurance of an accurate record of the deposition, as well as a benchmark upon which the video record could be challenged if that was necessary."  *Id.* at 556.

Similarly, because an officer will be recording the depositions stenographically and the rules specifically contemplate videotaped depositions, the court concludes that Plaintiff's counsel may videotape the depositions.  As such, Defendants' motion for a protective order is **DENIED**.  While the depositions of Dr. Hammond, Dr. Wilson, and Dr. Hitch may be videotaped, the court makes no ruling regarding the admissibility of said recordings.  Lastly, as noted by the court in *Pioneer Drive*, "the 'my way or the highway' mentality has no place in resolving deposition recording disputes."  *Id.* at 555.

    **IT IS SO ORDERED.**

    DATED this 27th day of April, 2012.

                                    BY THE COURT:

                                    PAUL M. WARNER
                                    United States Magistrate Judge